FRANKLIN COLE ET AL. v. COMMON COUNCIL OF HOMER.

*Sale on trial—Option as to acceptance.*

1. A town contracted for a wind-pump, and was to have six months in which to test it, and if at the end of that time the pump should be accepted, its proper working for a specified period was guaranteed. The contract further provided that "if the aforesaid wind-engine shall be erected in the manner and perform the work as set forth in this article," the town should pay a stated sum at a specified time. *Held*, that the last clause was not independent, and the first did not relate merely to the guaranty, but the town had six months in which to determine whether to accept the pump or not, whatever its merits.

2. In assumpsit upon a contract of sale, which left an option as to acceptance, evidence as to acts or omissions of defendant, involving negligence or fault, is impertinent, though it might be admissible in case.

Error to Calhoun.   (Hooker, J.)    April 11.—April 23.

ASSUMPSIT.    Defendant brings error.    Reversed.

*James H. Campbell* for appellant.

*Gibson & Parkinson* for appellees.

CAMPBELL, J.    Plaintiffs sued and recovered below for the price of a wind-mill pumping apparatus which they claim to have sold defendants in the fall of 1873.   The contract contained, as is usual, two branches—one declaring the duty of plaintiffs, and the other that of defendants.   The controversy before us is chiefly upon the construction of this written agreement.

It provided—*first*, that plaintiffs would furnish and put up the machinery in question as described, and which was guaranteed to furnish an ample supply of water in any number of reservoirs which the party of the second part may make, " and allow the party of the second part six months' time to test the same, and if at that time said wind-engines and fixtures shall be accepted by the party of the second part," then there was an undertaking that it should be made to work properly for a period named.   It closed with this provision : that the defendants, " if the aforesaid wind-engine shall be erected in the manner and perform the work as set forth in this article," should pay the party of the first part two hundred and eighty dollars in September, 1874.

Within the six months specified difficulties arose concerning the responsibility for which the parties are in conflict, and defendants refused to accept the property.   This suit was brought shortly before the statute of limitations would have run, to collect the agreed price.   The court below allowed a recovery, provided the jury should be satisfied that plaintiffs had furnished such work as they agreed to do. There are special findings on various parts of the case.

The primary dispute is whether the defendants had a right to decline acceptance if they were not satisfied with the work.

Plaintiffs claim that the last clause of the contract is complete and independent of any other conditions not expressed in it. And they claim that the clause providing for acceptance has no force beyond entitling defendants to the guaranty of good repair in case the work was accepted. And it is suggested that if not accepted the plaintiffs could recover the price without any such guaranty for the future.

This is certainly a possible construction, but whether it is the proper one is a different matter. If it is correct, it is at least very singular. It is difficult to conceive why, if the whole price is payable at all events, the important safeguard for securing durability in the work should be forfeited by an omission to accept, when acceptance would be a mere ceremony of no importance whatever, and non-acceptance would in no way affect defendants' liability to make prompt and full payment.

It is insisted, however, that defendants only wanted certain machinery for a particular purpose, and have no right to object if it is up to the agreed standard, and therefore there is no sense in making acceptance or non-acceptance a criterion of liability. We think this idea cannot defeat the agreement of the parties if it does in fact make the question of acceptance one of the matters stipulated on.

When a village corporation desires to supply itself with hydraulic facilities, it is a matter of common experience that it cannot be readily computed in advance just what will meet its supposed necessities. It is only by experiment that it can be known whether any proposed system will serve its purposes. Machinery may do all that it is warranted to do, and yet by its workings show that something else is required to supply the corporate needs. Most of the devices introduced here and there are urged not merely as calculated to do prescribed work, but also on the ground that this work is just what the town requires. Few small corporations can afford expensive engineers, and even where such men are employed they are often found to have caused much expense

for unprofitable outlays. It is certainly common and wise to be wary about adopting untried schemes. It is so usual to reserve a right to a preliminary trial, not to test particular capabilities but to ascertain general fitness for general purposes, that where such provisions are inserted in contracts courts must see that they are respected. We think that in the present contract the clause providing for acceptance governs the whole of the contract, and not merely the right to a continuing guaranty, and that during the six months specified it remained optional with the defendants to keep or not to keep the property, whether good or bad.

.This being so, the case was put to the jury on a wrong theory, and the recovery was not warranted.

It may be that acts may have been done or omitted which would involve negligence or fault in the defendants or their servants. It is claimed that such facts were shown here. But we do not think this inquiry open on the record in this action. We do not think that in such an action of assumpsit as this is, such controversies are pertinent. They would be more suitable in an action on the case. There is, so far as we can judge from what is before us, no ground for an implied agreement to pay for articles accepted and appropriated. There was no acceptance.

In this view of the contract we do not think it proper to discuss the other errors assigned. If the village exercised its option and failed to accept the property, it never became liable as a purchaser, and the good or bad quality of the machinery would not change the responsibility.

The judgment must be reversed and a new trial granted.

The other Justices concurred.